## August v. Lower Saucon Township Board of Supervisors

*Darold L. Hemphill,* for appellant.

*Bernard V. O'Hare,* for respondents.

FRANCIOSA, J., March 21, 1973.—Plaintiff, Lois August, filed a complaint which is, in effect, an appeal under the Act of June 21, 1957, P. L. 390, as amended, 65 PS §66.1, et seq. That act requires certain records of the Commonwealth and its political subdivisions and of certain authorities and other agencies performing essential governmental functions, to be open for examination and inspection by citizens of the Commonwealth of Pennsylvania. The Act of 1957, supra, has been termed "The Right To Know" statute. Section 4 provides, inter alia, that "[a]ny citizen of the Commonwealth of Pennsylvania denied any right granted to him by section 2 or section 3 of this act,[1] may appeal from such denial to the Court of Common Pleas of Dauphin County[2] if an agency of the Commonwealth is involved, or to the court of common pleas of the appropriate judicial district if a political subdivision or any agency thereof is involved."

Since plaintiff complains that she has been denied the right to examine certain minutes of meetings of the Lower Saucon Township Planning Commission, this appeal under "the right to know" statute is properly before us.

---

[1] Section 2 of the act requires every public record to be open for examination and inspection by any citizen. Section 3 permits a citizen to take extracts or make copies, photographs or photostats of public records.

[2] The Appellate Court Jurisdiction Act of July 31, 1970, P. L. 673, 17 PS §211.508(a), transfers the jurisdiction of the Court of Common Pleas of Dauphin County to the Commonwealth Court.

In order to ascertain the facts, an evidentiary hearing was held on September 19, 1972. At the time of the hearing, certain admissions from the pleadings were entered on the record. On the basis of those admissions and the credible evidence we make the following

## FINDINGS OF FACT

1. Plaintiff, Lois August, is a resident of Lower Saucon Township and a citizen of the Commonwealth of Pennsylvania.

2. Defendants, Benjamin Kaplan, Lawrence Becker, Charles W. Byerley, Jr., John S. Stevens and James Fraley are members of the Lower Saucon Township Planning Commission and are being sued in that capacity.

3. Defendants, Andrew Hayes, Kenneth Remaly and Richard Benner are members of the Lower Saucon Township Board of Supervisors and are being sued in that capacity.

4. Plaintiff sought to exercise her right to examine the minutes of meetings of the Lower Saucon Township Planning Commission.

5. The originals or copies of the minutes for most of the planning commission meetings were opened to plaintiff's examination and inspection.

6. However, the following public records have not been produced for plaintiff's examination:

a. Minutes of meetings of the planning commission for the entire year of 1959.

b. Minutes of planning commission meetings held on March 24, 1965, June 6, 1966, July 12, 1966, and December 8, 1966.

7. The township official responsible for the custody and control of planning commission records conducted a search for the minutes of the above meetings.

When the search did not turn up the additional minutes, the custodian of the records notified plaintiff that those portions of the planning commission records were missing and could not be produced for her inspection.

8. The circumstances surrounding the loss of portions of the planning commission records are completely unknown.

## DISCUSSION

After a careful review of the record, we conclude that plaintiff has not carried the burden of proof imposed by "The Right to Know" statute. Section 4 of the act required her to show that she was denied the right to examine public records without "just and proper cause." The instant record discloses no such denial. Instead, the undisputed testimony discloses a reasonable explanation for the unavailability of the public records which plaintiff seeks to inspect. They have been lost.

Moreover, there is nothing in this record which indicates that the missing planning commission minutes have become unavailable through the impropriety or culpability of the named defendants.[3]

While it is true that our courts have recognized the right to an examination of available public records, we find no reported decision extending the right of examination and inspection so as to include the right

---

[3] Plaintiff has submitted a proposed finding of fact stating that the circumstances surrounding the care and custody of the missing minutes indicate criminal conduct on the part of some person or persons. Plaintiff contends such finding is supported by depositions taken in connection with this proceeding. However, at the evidentiary hearing, no testimony emanating from depositions was offered into evidence. Therefore, the record before us is devoid of evidence of criminal conduct on the part of any of the named defendants.

to demand reproduction of lost public records. Such a construction would be a complete negation of the plain statutory language and a misconstruction of both the legislative purpose and intent of "The Right to Know" statute.

The Planning Commission of Lower Saucon Township is subject to the provisions of the Pennsylvania Municipalities Planning Code of July 31, 1968, P. L. 805, 53 PS §10101, et seq. If there is a duty on the commission to replace missing records, it arises from an application of the planning code and not by invoking "The Right to Know" statute.

An additional matter remains to be noted. In this appeal under "The Right to Know" statute, plaintiff has filed a separate petition requesting the impanelling of an investigative Grand Jury. That petition alleges that a grand jury investigation is necessary in order to determine whether criminal activity was involved in the loss of the missing planning commission records. Since the request for an investigative Grand Jury clearly exceeds the scope of the relief permitted by "The Right to Know" statute, we do not consider the matter of impanelling an investigative Grand Jury as being properly before us. Our disposition of the instant appeal is, therefore, not to be construed as an adjudication of that pending request.

Returning to plaintiff's appeal under "The Right to Know" statute, we enter the following

## CONCLUSIONS OF LAW

1. This court has jurisdiction over the parties and the subject matter of the suit.

2. Plaintiff has been deprived of access to certain minutes of meetings of the Lower Saucon Township Planning Commission because those public records have become lost documents.

3. There is absolutely no evidence that plaintiff has

been denied any right granted to her by section 2 or section 3 of "The Right to Know" statute because of unjust or improper conduct on the part of any of the named defendants.

ORDER OF COURT

And now, March 21, 1973, for the reasons set forth in the foregoing opinion, plaintiff's appeal under the Act of June 21, 1957, P. L. 390, as amended, 65 PS §66.1, et seq., is denied and dismissed.